UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALEM ABDEL-FARES,

        Plaintiff,

                                                    CASE NO. 14-CV-13301
v.                                           HONORABLE GEORGE CARAM STEEH

JASON TERRIS, WILLIAM TRUE,
JAMES TAYLOR,

        Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (DOC. #20), OVERRULING PLAINTIFF'S
OBJECTIONS (DOC. #21), GRANTING DEFENDANTS' MOTION
TO DISMISS (DOC. #15) AND DISMISSING CASE WITH PREJUDICE

Before the court is defendants' motion to dismiss (Doc. #15). Plaintiff, a pro se prisoner, filed this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging a violation of his First and Fourth Amendment rights. Specifically, plaintiff claims that the Federal Corrections Institution in Milan, Michigan ("FCI Milan") has unlawfully placed him on a high accountability program requiring him to report to a prison officer every two hours because he allegedly poses a threat to prison security. Placement on a high accountability program, according to plaintiff, amounts to First Amendment retaliation and interferes with his ability to pray five times a day, among other violations.

After filing an amended complaint (Doc. #14), defendants filed a motion to dismiss. The motion was referred to the magistrate judge for a report and recommendation. On April 29, 2015, Magistrate Judge David Grand issued his report, recommending that the court grant defendants' motion and dismiss plaintiff's amended complaint with prejudice

(Doc. #20).  As it relates to defendant William True, the magistrate judge concluded that plaintiff's amended complaint fails to state any personal involvement by True in any of the alleged constitutional violations.  (*Id.* at 6).  As to the remaining defendants, the magistrate judge reasoned that the allegations in the complaint were insufficient to state a claim upon which relief could be granted.  (*Id.*).  Plaintiff merely alleged that defendants Jason Terris and James Taylor informed plaintiff of his placement on FCI Milan's high accountability program, not that they actually played a role in placing him on the program.  (*Id.*). Moreover, the magistrate judge concluded that, even if plaintiff had alleged specific acts taken by Terris and Taylor showing their personal involvement, he failed to allege that he suffered the deprivation of a cognizable constitutional right.  (*Id.* at 7).

As it relates to the First Amendment retaliation claim, the magistrate judge noted that plaintiff did not point to any actions he took prior to being placed on the high accountability program such that defendants' actions could have been retaliatory.  Rather, plaintiff made a circular argument that he was engaged in protected conduct because defendants did not have any reason to place him on the high accountability program.  Likewise, the magistrate judge concluded that plaintiff failed to state a religious discrimination claim because plaintiff did not allege "any facts as to how the reporting requirements of the [high accountability] program negatively impact his ability to practice his (unspecified) religion." (Doc. #20 at 9). Turning to plaintiff's due process claim, the magistrate judge explained that the Sixth Circuit has found that similar high accountability programs do not implicate due process rights. (*Id.* at 11).  Finally, as to plaintiff's claim purportedly brought under the Sixth Amendment, the magistrate judge explained that plaintiff's "inclusion in the [high accountability] program

does not implicate his due process rights, thus he is not entitled to notice or an opportunity to be heard in this instance." (*Id.* at 14).

The magistrate judge also reasoned that plaintiff should not be granted leave to amend his complaint for a second time. Despite amending the complaint once, the report and recommendation explained, plaintiff did not plead factual claims against any of the defendants. In addition, the magistrate judge noted that plaintiff's inclusion on the high accountability program did not state a cognizable constitutional violation.

Plaintiff filed objections to the magistrate judge's report and recommendation. (Doc. #21). A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Essentially, plaintiffs objections take issue with the entirety of the magistrate judge's recommendations. In support of his objections, plaintiff makes the same arguments he made in response to defendants' motion to dismiss. The magistrate judge's well-reasoned report and recommendation explains why plaintiff's arguments lack merit and fail to state a claim upon which relief can be granted, and why amendment of the complaint for a second time would be futile. On *de novo* review of the entire record, the court determines that the magistrate judge's well-reasoned report and recommendation sufficiently addresses plaintiff's claims, and that further discussion by the court would serve no jurisprudential purpose. Therefore, the court hereby OVERRULES plaintiff's objections to

the report and recommendation and ADOPTS the result recommended therein. Accordingly, defendants' motion to dismiss is GRANTED. Plaintiff's amended complaint is DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.

Dated: May 29, 2015

                         s/George Caram Steeh
                         GEORGE CARAM STEEH
                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 29, 2015, by electronic and/or ordinary mail and also on Salem Abdel-Fares #56414066, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk